IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:04-CR-00043-F-1
No. 7:16-CV-00380-F

MARCUS O'NEAL SMITH,          )
                              )
          Petitioner,         )
                              )
     v.                       )          O R D E R
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )

This matter is before the court on Marcus O'Neal Smith's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-50]. The issues have been fully briefed, and

the matter is now ripe for ruling. For the reasons more fully stated below, Smith's Motion to

Vacate is ALLOWED.

In Smith's Motion to Vacate, he argues that he is no longer an armed career criminal as a

result of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Mot. Vacate [DE-50] at 4. Smith

contends that following *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), his North Carolina

convictions for common law robbery are no longer crimes of violence. *Id.* Moreover, Smith

contends that due to his erroneous sentence as an armed career criminal, he faces sixty months'

imprisonment on the motion for revocation of his supervised release that was filed on October 13,

2016. *Id.*

The Fourth Circuit Court of Appeals held that a conviction for North Carolina common law

robbery does not categorically qualify as a violent felony under the Armed Career Criminal Act

("ACCA").[1] *See Gardner*, 823 F.3d at 793. In *Gardner*, the Fourth Circuit Court of Appeals

---

[1] Under the Armed Career Criminal Act, a defendant "who violates section 922(g) of this
title and has three previous convictions by any court referred to in section 922(g)(1) of this title for

determined that North Carolina common law robbery does not fall under the "force" clause of ACCA, 18 U.S.C. § 924(e)(2)(B)(i), but under ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). *Id. In Johnson*, the Supreme Court invalidated the residual clause. 135 S. Ct. at 2551. The Supreme Court has held that *Johnson* applies retroactively on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

The Government concedes that Smith's convictions for common law robbery are no longer violent felonies and he is no longer an armed career criminal under 18 U.S.C. § 924(e). Resp. [DE-61] at 3. The Government concludes that Smith's sentence should be vacated, and he should be resentenced without the § 924(e) enhancement. *Id.* The Government concedes that Smith's statutory maximum term of imprisonment for his pending revocation matter is twenty-four months. *Id.* at 3-4.

In light of the foregoing, including the Government's concessions, Smith's Motion to Vacate [DE-50] is ALLOWED. Smith's August 2, 2004 Judgment [DE-9] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the § 924(e) enhancement.[2]

SO ORDERED.

This, the 21 day of December, 2016

James C. Fox
JAMES C. FOX
Senior United States District Judge

---

a violent felony or a serious drug offense, or both, committed on occasions different from one another," triggers an increased statutory minimum and maximum. 18 U.S.C. § 924(e)(1).

[2] Smith's revocation of supervised release hearing is scheduled for this court's February 13, 2017 term.

2